which he communicated to defendant a venereal disease. The chancellor held that neither the charge of adultery nor the communication of a venereal disease was sustained, but found that complainant had deserted defendant and entered a decree in her favor on the cross-bill, from which complainant appeals.

DONALD L. MORRILL, for appellant; ROBERT W. MILLAR, of counsel.

BAUER & DONOGHUE, for appellee; LESTER L. BAUER, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

HUSBAND AND WIFE, § 264*—*when evidence sustains separate maintenance decree.* Evidence on cross-bill for separate maintenance *held* to sustain wife's claim that she was living separate and apart from her husband without her fault.

———

### Tom Kilovas, Defendant in Error, v. Nick Kilovas, Plaintiff in Error.

### Gen. No. 20,781.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded.    Opinion filed May 25, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by Tom Kilovas against Nick Kilovas to recover a balance of $190 claimed to be due as wages and as ascertained upon an accounting between them October 13, 1911. Defendant admitted an accounting was had, but claimed it was on November 30, 1911, and that another was had at a still later date. His book of account was received in evidence to show that the account as it stood November 30th was assented to by plaintiff's putting his signature thereto, when it showed a balance in plaintiff's favor of $46.73. Afterwards there was charged to plaintiff $187.70, representing some unpaid accounts made in the course of his employment for which he seems to have been responsible, and for which he admitted his liability, and which, with other credits and debits unquestioned, changed the account to a balance against him of $142.21. From a judgment for plaintiff, defendant brings error.

STEDMAN & SOELKE, for plaintiff in error.

GEORGE M. WEICHELT, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 84*—*when evidence insufficient to sustain claim for wages.* In an action to recover a balance claimed to be due for wages, where under the terms of the employment plaintiff was charged with certain accounts which defendant claimed were unpaid and for which plaintiff admitted his responsibility, claiming they had been paid, but introducing no proof beyond his mere assertion of collection, the persons owing them not having been called, and there being no evidence shown by whom they were collected or that the money collected was paid over to defendant, the evidence was *held* insufficient to sustain a judgment in favor of plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.